UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jessica Hernandez,

    Petitioner,

v.

Michael Segal,

    Respondent.

Case No. 23-cv-186 (MJD/DTS)

**REPORT & RECOMMENDATION**

Petitioner Jessica Hernandez seeks a writ of habeas corpus under 28 U.S.C. § 2241 for the immediate application of time credits (TCs) under the First Step Act (FSA) to her sentence. Dkt. No. 1. Hernandez argues she is eligible for and has earned enough TCs for her immediate release under the FSA. Dkt. No. 1. Because the BOP correctly determined Hernandez is ineligible for the application of TCs under the FSA, the Court recommends her petition be denied.

**FINDINGS OF FACT**

Hernandez is currently serving a 120-month term of imprisonment at the Federal Correctional Institution in Waseca, Minnesota for conspiracy to distribute 5 grams or more of cocaine. Dkt. No. 10 at 1. She has a projected good conduct time release date of January 7, 2024. *Id.* Hernandez asserts she is not subject to a final order of removal in her petition. Dkt. No. 1 at 7. Contrary to her assertion, Hernandez is subject to a final order of removal pursuant to the Immigration and Nationality Act, 8 U.S.C. 1101(a)(43). The order is dated November 7, 2018. Dkt. No. 10, Ex. B.

## CONCLUSIONS OF LAW

Hernandez argues the BOP is wrongfully detaining her. Dkt. No. 1. Specifically, Hernandez asserts she is not subject to a final order of removal and is eligible for the application of FSA TCs entitling her to early release. Dkt. No. 1 at 7. Respondent correctly contends Hernandez is ineligible for the application of TCs because she is in fact subject to a final order of removal. Dkt. No. 9 at 3.

The FSA states "[a] prisoner is ineligible to apply time credits…if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17))." 18 U.S.C. § 3632(d)(4)(E). Immigration laws are defined in section 101(a)(17) of the Immigration and Nationality Act as "all laws, conventions, and treaties of the United States relating to the immigration, exclusion, deportation, or expulsion of aliens." 8 U.S.C. 1101(a)(17).

The basis for Hernandez's habeas corpus petition—that she is not subject to a final order of removal and is eligible for the application of FSA time credits—is refuted by the copy of Hernandez's final order of removal in the record. The Court can resolve Hernandez's petition on the record, making an evidentiary hearing is unnecessary. *See Wallace v. Lockhart*, 701 F.2d 719, 729-30 (8th Cir. 1983). Because Hernandez is ineligible for the remedy she seeks, her petition must be denied.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS Hernandez's habeas petition [Dkt. No. 1] be DENIED.

Dated: March 23, 2023            s/David T. Schultz
                                 DAVID T. SCHULTZ
                                 U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).